UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DUANE C.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 3:25-cv-05604-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed claims for SSI and DIB in May 2022, alleging disability beginning October 1, 2020. AR 18. His applications were denied at the initial level and on reconsideration. *Id.* ALJ David Johnson held a hearing on June 11, 2024, and issued a decision the following month finding plaintiff not disabled. AR 18-32. The ALJ found that plaintiff had no medically determinable impairments before December 22, 2021. AR 20. Beginning on that date, the ALJ found plaintiff had the severe impairments of

degenerative disc disease, obesity, cervicalgia, dorsalgia, spondylosis, spinal stenosis, neuropathy, and radiculopathy. AR 21. Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), that does not require more than occasional stooping, kneeling, crouching, crawling, or climbing; frequent balancing; occasional reaching overhead; or concentrated exposure to hazards. AR 25. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-3.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

**1. Medical evidence.**

Plaintiff challenges the ALJ's rejection of the medical opinions of Dr. Shirley Deem, M.D., and Dr. E. Andrea Shadrach, Psy.D. Dkt. 10 at 3-13. Under the regulations

applicable to this case, the ALJ was required to articulate how persuasive he found each medical opinion or prior administrative medical finding and explain how he considered supportability and consistency in his analysis. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods v. Kijakazi,* 32 F.4th 785, 791-92 (9th Cir. 2022). Consistency means the extent to which the opinion is inconsistent with the evidence from other medical and non-medical sources in the claim. *Id.* at 792. An ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

### a. Dr. Shirley Deem, M.D.

Dr. Deem examined plaintiff on September 9, 2023, and opined that he could stand and walk for at least two hours in an eight-hour day; must alternate sitting and standing; carry less than ten pounds occasionally and frequently; occasionally climb stairs and ladders, balance, stoop, crouch, kneel, and crawl; and occasionally reach overhead, reach forward, handle, finger, and feel. AR 916-19. The ALJ found Dr. Deem's opinion unpersuasive because it lacked objective support and was inconsistent with the record. AR 29.

### i. Supportability

The ALJ found Dr. Deem's opinion unsupported because she did not provide an opinion of the most standing and walking that could be done in a workday. AR 29. Plaintiff argues that the ALJ failed to explain why this should discredit the other limitations opined by Dr. Deem. Dkt. 10 at 3-4. As the ALJ provided other reasons for

rejecting Dr. Deem's opinion, it is not apparent that the ALJ discredited all limitations on this basis.

Despite acknowledging abnormal findings, the ALJ concluded that Dr. Deem's limitations lacked objective support because the exam also showed normal range of motion, full strength in the extremities, and intact sensation. AR 29. Plaintiff argues that the ALJ erred by failing to explain how the normal findings outweighed the abnormal findings such as positive straight leg raise, stiff gait, slow coordination, and difficulty squatting and heel-toe walking. Dkt. 10 at 4.

Merely listing the findings does not explain why the ALJ considered the normal results more significant. "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998).

The ALJ's supportability findings are not supported by substantial evidence. Under *Woods,* a finding that Dr. Deem's opinion is inconsistent with the longitudinal record, if supported by substantial evidence, would be a sufficient independent basis for the ALJ to conclude that Dr. Deem's opinion was unpersuasive. *See* 32 F.4th at 792-94.

### ii.  Consistency

Plaintiff argues that the ALJ's summary of normal findings is not representative of the record as a whole and that many of the records cited by the ALJ contradict his findings. Dkt. 10 at 5.

The ALJ is required to consider the entire medical record and may not cherry-pick evidence to support his findings while ignoring evidence to the contrary. *Holohan v. Massanari,* 246 F.3d 1195, 1207-08 (9th Cir. 2001). Although an ALJ must rely on

4

examples to illustrate their findings, the examples must reflect the broader context of the record. *Garrison,* 759 F.3d at 1017.

The ALJ found Dr. Deem's opinion inconsistent with observations in the record of normal gait, strength, and extremity movement and no obvious range of motion deficits. AR 29. But these normal findings are not an accurate reflection of the cited records. For instance, these records also document excessively tense trapezius muscles, tenderness to palpation of the trochanteric bursa, unsteadiness and pain with heel and toe walking, and decreased sensory function in the right lower extremity. AR 433, 488-89, 496-97. And several of the cited records indicate limited range of motion or pain with full range of motion. AR 433, 519-23, 541. These cherry-picked normal findings are not representative of the record as a whole, which consistently documents reduced range of motion, stiffness, reduced strength and sensation, and uncontrolled pain. *See, e.g.*, AR 546, 660-676, 578, 599-600, 623, 704, 818-29, 868-79. By relying on the cherry-picked findings, the ALJ mischaracterized the record and erred.

The ALJ also found Dr. Deem's opinion inconsistent with plaintiff's improvement following neck surgery. AR 29. Plaintiff argues that the ALJ failed to point to evidence of significantly improved functioning following surgery. Dkt. 10 at 6. Although plaintiff is correct that the ALJ relies on the string of citations, he also refers to his discussion of the DDS opinions. AR 29. In evaluating the ALJ's decision, the Court must look "to all the pages of the ALJ's decision." *Kaufmann v. Kijakazi,* 32 F.4th 843, 851 (9th Cir. 2022). The ALJ's discussion of the DDS opinions includes a citation to physical therapy records in which plaintiff stated that his neck surgery made him 85% better. AR 29 (citing AR 875).

Yet the ALJ has cherry-picked evidence that does not accurately reflect the context. After he stated his neck was 85% improved, plaintiff remarked that his back pain was his limiting factor. AR 875. The physical therapy records support this statement, indicating improvement in neck pain but continued lower back and hip pain. *See, e.g.*, AR 818 ("I still have LB issues…My back still hurts me"); 823 ("pt fearful of his back flaring more than the neck…WATCH the LB and the HIP pain while treating the neck"); 825 ("The lumbar spine and R leg pain at the hip is also limiting"); 829 ("Pt reports his low back and legs are limiting him today and making it difficult to walk and move."). And, Dr. Deem's examination notes indicate that her opinion was based on back pain, not neck pain. AR 916 ("At this point, he complains of mid-back problems."). Thus, plaintiff's improvement following neck surgery is not inconsistent with Dr. Deems' limitations.

In sum, the ALJ's consistency findings are not supported by substantial evidence. Having failed to articulate valid supportability or consistency findings, the ALJ erroneously rejected Dr. Deem's opinion. As Dr. Deem opined limitations more restrictive than those included in the RFC, the error was not "inconsequential to the ultimate nondisability determination," and was therefore harmful. *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012).

### b. E. Andrea Shadrach, Psy.D.

Dr. Shadrach evaluated plaintiff on November 21, 2022, and opined that plaintiff could complete simple repetitive tasks; follow moderately complex instructions; understand and follow instructions from a supervisor; and maintain focused attention for rote information. AR 693-94. Dr. Shadrach found that plaintiff's ability to maintain

concentration and persistence in a typical work setting would likely be impacted by depressed mood and increased anxiety. *Id.* She noted plaintiff may struggle to employ working memory and maintain focused attention reliably for sustained tasks, and that a part-time setting with limited conceptual demands would likely be compromised by pain issues. AR 694.

The ALJ found Dr. Shadrach's opinion somewhat unpersuasive. AR 23. He found that Dr. Shadrach's opinion provided support for limiting plaintiff from complex tasks and to some extent, semi-complex tasks, but did not support a limitation to simple tasks or part-time work. *Id.* The ALJ also found the opinion inconsistent with subsequent evidence, plaintiff's testimony, and a lack of need for psychological treatment. *Id.*

### i. Supportability

The ALJ found Dr. Shadrach's limitations to simple tasks and part-time work lacked support other than plaintiff's subjective pain. AR 23. Plaintiff argues that this conclusion misstates the record, as Dr. Shadrach identified pain, depressed mood, and increased anxiety as contributing factors to plaintiff's limitations. Dkt. 10 at 10.

An ALJ may reject a medical opinion if it is based primarily on a claimant's self-reports that have been properly discounted as lacking credibility. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008). But this rule "does not apply in the same manner to opinions regarding mental illness," as psychiatric diagnoses will always depend in-part on the patient's self-report. *Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017). And "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin,* 763 F.3d 1154, 1162 (9th Cir. 2014).

Dr. Shadrach's opinion was based in part on plaintiff's self-report that he suffered from anxiety and depression, but she also conducted a clinical interview and mental status examination. AR 690-94. These are objective measures that cannot be discounted as self-report. *Buck,* 869 F.3d at 1049.

Dr. Shadrach also observed plaintiff's pain and did not rely only on his reports. *See* AR 694 ("This claimant evidenced appropriate social skills throughout the interview, but he was clearly masking his pain."). The ALJ offered no basis for his conclusion that the opinion was based more heavily on plaintiff's self-reports, and substantial evidence does not support such a conclusion. Accordingly, the ALJ's supportability findings are not supported by substantial evidence.

### ii.  Consistency

The ALJ found Dr. Shadrach's opinion inconsistent with a later consultative psychological examination by Dr. Higgins that showed better performance in memory and concentration tasks. AR 23 (citing AR 911-14). The ALJ fails to explain why the later opinion is more persuasive than Dr. Shadrach's. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison,* 759 F.3d at 1012-13.

Further, the differences in performance are minimal. *Compare* AR 692 *and* 913. During his exam with Dr. Shadrach, plaintiff remembered two of three words after a five-minute delay. AR 692. With Dr. Higgins, he remembered all three words. AR 913. When completing serial 7s with Dr. Shadrach, plaintiff made an error after 8 answers. AR 692.

8

Dr. Higgins did not specify how many answers plaintiff gave for serial 7s, only that he subtracted serial 7s at a good pace without error. AR 913. Such minor discrepancies in performance can hardly represent a meaningful inconsistency, particularly when one considers that "a mental status examination is a mere snapshot of the plaintiff's functioning on a particular day." *Heckler v. O'Malley,* 2024 WL 4766737, at *10 (D. Haw. Nov. 13, 2024) (cleaned up).

The ALJ also found the opinion inconsistent with plaintiff's testimony that his pain had improved. AR 23. The Court notes that the ALJ's reference to testimony here is erroneous, as plaintiff did not testify to improved pain. Rather, the ALJ refers to plaintiff's physical therapy records following neck surgery in which he stated that his neck pain was improved. AR 23 (citing AR 843, 875). As discussed above, the cited records show that plaintiff still suffered from back pain after surgery. AR 843, 875. And subsequent records from 2023 and 2024 indicate plaintiff's pain was uncontrolled and causing significant emotional distress. *See, e.g.*, AR 1015-16 (reports inadequate pain management, causing him significant depression and anxiety); 1018 ("Very concerned re: pain. Reports inadequate pain management currently. Displays and reports some anxious features."); 1022 ("Currently is feeling that his pain is not controlled…He reports that this is causing him significant depression and anxiety"). Such findings are consistent with Dr. Shadrach's opinion.

Finally, the ALJ found Dr. Shadrach's opinion inconsistent with a "general lack of need for psychological treatment." AR 23. This finding is not supported by substantial evidence, as plaintiff was prescribed antidepressants by his primary care physician. AR 576 (prescribed trial of ketamine, doxepin); 690 (reports taking doxepin and ketamine

for depression and pain). Medication management by a primary care provider, as opposed to a mental health specialist, still constitutes formal mental health treatment, and is not a proper basis to discredit a doctor's opinion of limitations. *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987); *Breanne L. F. v. Comm'r of Soc. Sec.,* 2024 WL 3289606, at *16 (W.D. Wash. July 3, 2024).

The ALJ's consistency findings are not supported by substantial evidence. Having failed to articulate valid supportability or consistency findings, the ALJ erroneously rejected Dr. Shadrach's opinion. As Dr. Shadrach opined limitations more restrictive than those included in the RFC, the error was not "inconsequential to the ultimate nondisability determination," and therefore harmful. *Molina,* 674 F.3d at 1115.

**2. Plaintiff's statements regarding subjective symptoms**

Plaintiff challenges the ALJ's rejection of his testimony. Dkt. 10 at 15-17. In assessing a claimant's credibility, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim,* 763 F.3d at 1163.

Plaintiff testified that he suffers from pain in his neck, right arm, and lower back. AR 49. He stated that using his arms or doing anything for too long causes his pain to get out of control. *Id.* His pain prevents him from sleeping. *Id.* Plaintiff stated that at least one to two days a week, he has days where his lower back pain is so severe that he cannot walk. AR 50. He testified that he has difficulty doing anything for longer than 30 minutes without debilitating pain. AR 49. On a typical day, he spends the first two to four

10

hours of his day trying to get his pain under control. AR 56. He stated that he usually lays in his recliner and watches the news during this time but will sometimes get up and take a hot shower. *Id.* Plaintiff stated that he spends time with his animals, plays video games for maybe an hour a day, and tries to do a little work each day in his garden. *Id.* He tries to keep up with some house chores like taking mail to the mailbox, watering the garden, and washing dishes. AR 57.

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but inconsistencies undermined the weight that could be given to plaintiff's symptom reports. AR 26.

### a. No Treatment Before December 22, 2021

The ALJ noted that despite alleging an onset date of October 1, 2020, plaintiff did not seek treatment until December 22, 2021. AR 26. The ALJ found this lack of treatment inconsistent with plaintiff's symptom reports. AR 26. An unexplained or inadequately explained failure to seek treatment can serve as a clear and convincing reason for rejecting a claimant's symptom testimony. *See Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005). But before finding an individual's symptoms inconsistent with the record on this basis, the ALJ must consider the possible reasons the claimant did not seek treatment consistent with the degree of their complaint. SSR 16-3p, 2017 WL 5180304, at *9-10.

Here, the ALJ considered that plaintiff may not have sought treatment because of the pandemic. AR 26. The ALJ found, however, that medical care was still available despite the pandemic and plaintiff would have sought treatment if his symptoms were as limiting as alleged. *Id.* Plaintiff argues that a lack of treatment due to the pandemic is not

a clear and convincing reason to reject his testimony. Dkt. 10 at 15-16 (citing *Kristopher O. v. Comm'r of Soc. Sec.,* 2025 WL 1891919, at *6 (W.D. Wash. July 9, 2025)). The Court holds that pandemic restrictions are a valid reason for failing to seek treatment. *See, e.g.*, *Darren Jeffrey C. v. Kijakazi,* 2022 WL 4474261, at *15 (S.D. Cal. Sept. 26, 2022); *Blanca T. v. O'Malley,* 2024 WL 6847881, at *4 (C.D. Cal. Mar. 27, 2024); *Michael D. v. Comm'r of Soc. Sec.*, 2022 WL 3644433, at *2 (W.D. Wash. Aug. 24, 2022). The ALJ erred by relying on delay in treatment; under the circumstances of the global COVID-19 pandemic, plaintiff's delay in treatment was not a clear and convincing reason for rejecting plaintiff's testimony.

**b. Normal findings**

The ALJ summarized some of the medical evidence, including abnormal findings from physical examination reports, then concluded that the medical records were inconsistent with the degree of limitation alleged because they also contained normal findings. AR 26-27. As discussed above in relation to Dr. Deem's opinion, this is insufficient. Merely listing the findings does not explain why the ALJ considered the normal results more significant. *Reddick,* 157 F.3d at 725.

Further, many of these "normal" findings are not actually inconsistent with plaintiff's testimony. For example, the ALJ noted the existence of negative Phalen's and Tinel's signs. AR 26-27. These tests are used to diagnose carpal tunnel syndrome. *See Leusch v. Berryhill,* 358 F. Supp. 3d 896, 903 (D. Arizona 2019) (carpal tunnel syndrome evidence including negative or positive Tinel's and Phalen's signs, was not sufficiently explained by ALJ); *Franzen v. Astrue,* 555 F. Supp. 2d 720, 728 (W.D. Tex. 2008) (discussing ALJ's opinion that plaintiff's examination showed negative Tinel's and

12

Phalen's signs, but positive Tinel's and Phalen's signs would confirm a diagnosis of carpal tunnel syndrome). As plaintiff has not alleged that he has carpal tunnel syndrome, it is unclear why negative results on these tests would be "inconsistent with the degree of limitation asserted." AR 26.

The ALJ also found that "assertions regarding shoulder/arm limits, as well as other limits," were inconsistent with treatment and exam records showing normal gait and station, unremarkable extremity movements, no focal tenderness, and no obvious range of motion deficits. AR 28 (citing AR 916-20, 1015, 1018, 1021, 1024). This analysis is identical to the ALJ's analysis of Dr. Deem's opinion and accordingly fails for the same reasons. *Compare* AR 28 *and* AR 29. As discussed above, the ALJ's findings are both contradicted by the records cited and not representative of the record as a whole. Accordingly, the ALJ erred by rejecting plaintiff's testimony as inconsistent with cherry-picked normal findings.

### c. Daily Activities

Plaintiff was prescribed physical therapy in March 2022, but was hesitant, noting "I'm active, I do not sit around all day. AR 544. The ALJ found this statement inconsistent with plaintiff's hearing testimony that he sits in his chair for the first two to four hours of the day waiting for his pain to get under control, spends fifteen minutes per day doing what he can, and plays an hour of video games. AR 27.

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). But "[o]nly if the level of activity were

inconsistent with claimant's claimed limitations would these activities have any bearing on claimant's credibility." *Reddick,* 157 F.3d at 722.

Plaintiff's testimony is not inconsistent with the cited statement. Two to four hours in the morning is not equivalent to "all day." Plaintiff also testified that he tries to keep up with household chores and does some minimal grocery shopping. AR 57. And in his function reports, plaintiff described taking rest breaks between minor daily tasks. AR 280. Thus, while plaintiff cannot perform tasks continuously throughout the day, he does not "sit around all day." So there is no inconsistency between his testimony and the statement to his provider.

### d. Improvement with Treatment

The ALJ found plaintiff's improvement with ACDF surgery, physical therapy, and pain medications inconsistent with the degree of limitation alleged. AR 27-28. Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill,* 878 F.3d 867, 876 (9th Cir. 2017). Yet improvement must be evaluated in the context of the "overall diagnostic picture." *Holohan,* 246 F.3d at 1205. As already discussed in relation to the medical opinion evidence, the ALJ's reliance on plaintiff's improvement with neck surgery is misplaced. After surgery, Plaintiff continued to complain of severe lower back pain despite treatment with multiple types of pain medication including oxycodone, syrica, paclofen, buprenorphine patches, and long-acting morphine; he tried gabapentin but it was not effective. *See, e.g.,* AR 843-847, 924-28. The ALJ may not rely on cherry-picked instances of partial improvement to reject plaintiff's testimony. *Ghanim,* 763 F.3d at 1164. Accordingly,

14

improvement with treatment was not a clear and convincing reason to reject plaintiff's testimony.

In sum, the ALJ did not provide clear and convincing reasons to reject plaintiff's testimony.

### 3.  Lay witness evidence

For applications filed on or after March 27, 2017, it remains unsettled whether an ALJ is still required to consider lay witness evidence, but "[a]ssuming that an ALJ must consider such evidence, an ALJ need only give germane reasons for discrediting the testimony of lay witnesses." *Apple v. Bisignano,* 2025 WL 1525314, at *3 (9th Cir. May 29, 2025) (cleaned up). The Court finds that if the ALJ was required to provide germane reasons for rejecting the lay witness testimony, the ALJ failed to do so here. Plaintiff's partner, Patricia W., reported many of the same limitations expressed by plaintiff in his hearing testimony and function reports. *See* AR 272-76, 314-18. The ALJ rejected Patricia W.'s statements because they were inconsistent with the record as a whole, including plaintiff's improvement with medications and neck surgery. AR 29-30. As discussed above, the ALJ erred in relying on cherry-picked instances of improvement after plaintiff's neck surgery to reject plaintiff's testimony and the medical opinions. Such reliance here is similarly erroneous.

CONCLUSION

For these reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings. On remand, the Commissioner shall conduct a de novo hearing; allow plaintiff to present additional evidence; reevaluate the medical evidence including Dr. Shadrach's opinion, and Dr. Deem's opinion, without discounting those

15

opinions for the erroneous reasons described in this order; consider plaintiff's testimony without discounting it based on the erroneous reasons described in this Order; consider the lay witness testimony; and proceed with the sequential analysis as necessary.

Dated this 11th day of March, 2026.

Theresa L. Fricke
United States Magistrate Judge

16